

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

STUART E. JACOBS
phone: (212) 788-0899
fax: (212) 788-9776
email: sjacobs@law.nyc.gov

# MEMO ENDORSED

May 6, 2008

BY FAX (212) 805-6326
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

5/7/08 All this will be addressed at the May 9 conference.

Re: Fredericks et al. v. City of New York et al., 08 CV 2514 (CM)

Dear District Judge McMahon:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York assigned to the above-referenced case. I am writing with the consent of plaintiffs' counsel, Andrew Stoll, Esq., to respectfully request (1) that the time to respond to the complaint be briefly extended from the current due date of May 12, 2008, until 30 days after a properly executed §160.50 current release is received from plaintiffs (2) that the Court set a date certain by which plaintiffs must produce the outstanding §160.50 release and (3) respectfully request that the initial conference currently scheduled for May 9, 2008 at 11:15 a.m., be adjourned until after issue is joined. This is the City's first request for an enlargement of time in this action.

    Pursuant to Rule 4(d)(3) the City currently has until May 12, 2008 to respond to plaintiffs' complaint. In addition to the City, plaintiffs purport to name Police Officer Gallaway, Police Officer Ramik, and Police Officer Andrew Zarkewicz as defendants.[1]

---

[1] Without appearing on their behalf or making any representations with respect to service, I also respectfully request that the additional defendants' time to answer or otherwise respond to the complaint also be extended until 30 days after receipt of a proper release. Futher, upon information and belief, Police Officer Ramik and Police Gallaway have not yet been served with a summons and complaint.

By way of background, the complaint alleges, inter alia, that plaintiffs, Beverly Fredericks, Lavanna Fredericks[2], and Delroy Marcus, were unlawfully searched, falsely arrested, and subjected to an illegal entry of their apartment. It was our understanding that the records of the underlying criminal action, including police records, had been sealed pursuant to New York Criminal Procedure Law § 160.50. Accordingly, a §160.50 release was necessary for the defendants to access the information, properly assess the case, respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and timely participate in discovery. Since the scope of a §160.50 release is broadly interpreted by the NYPD, if *any* paperwork was prepared by the police department with respect to aforementioned plaintiffs, e.g. arrest paperwork that was later voided, or complaint reports, then it would be sealed pursuant to N.Y.C.P.L. § 160.50, and the defendants would not have access to it to prepare their defense in this matter. Simply put, without this §160.50 release, the defendants cannot access and consequently, produce in discovery, police paperwork, criminal court documents, or records pertaining to plaintiffs' underlying arrest and prosecution that is the basis of this lawsuit.

Accordingly, defendants only recently received the §160.50 release from plaintiffs on May 1, 2008. Further, the §160.50 release that plaintiffs provided was dated October 12, 2005, which defendants will be unable to process as it is outdated. As such, an updated §160.50 release from plaintiffs is necessary. As a result, at this time defendants will not be able to properly assess this case and respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure. In light of the above, the defendants respectfully request that the time to respond to the complaint be briefly extended from the current due date of May 12, 2008, until 30 days after a properly executed §160.50 release is received from plaintiffs, and that the Court set a date certain by which plaintiffs must produce the outstanding §160.50 release.

Additionally, the City respectfully requests that the initial pre-trial conference, currently scheduled for May 9, 2008 at 11:15 a.m., be adjourned until after issue is joined or another date convenient to the Court. I have spoken to Andrew Stoll, Esq., and he has consented to adjourning the pre-trial conference.

Thank you for your consideration in this regard.

Respectfully submitted,

Stuart Jacobs (SJ 8379)
Assistant Corporation Counsel

cc:   BY FAX (718) 852-3586
      Andrew Stoll, Esq.
      71 Nevins Street
      Brooklyn, NY 11217

---

[2] Upon information and belief, Plaintiff, Lavanna Fredericks, was the only plaintiff that was arrested.

2