UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BEVERLY FREDERICKS, LAVANNA FREDERICKS, AND DELROY MARCUS,

                                Plaintiffs,

               -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, POLICE OFFICER GALLAWAY, POLICE OFFICER RAMIK, POLICE OFFICER ANDREW ZARKEWICZ, SHIELD #08734,

                                Defendants.

------------------------------------------------------------------- x

**ANSWER**[1]

JURY TRIAL DEMANDED

08 CV 2514 (CM)

        Defendants[2] City of New York, New York City, Police Commissioner Raymond Kelly and Police Officer Andrew Zarkewicz, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to seek relief as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

---

[1] In accordance with the Court's Individual Practices, today June 2, 2008, defendants have served a Notice of Motion that they intend to move for summary judgment on some or all of plaintiffs' claims on the grounds that defendants are entitled to qualified immunity.

[2] On information and belief, the individuals identified in the caption of the complaint as "Police Officer Gallaway" and "Police Officer Ramik" have not been served with the summons and complaint and are therefore, not defendants in this action at this time.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Raymond Kelly is the Police Commissioner of the New York City Police Department, and that plaintiffs purport to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Police Officer Zarkewicz, shield #08734 is a member of the New York City Police Department.

11. Defendants state that the allegations set forth in paragraph "11" of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff, Lavonna Fredericks, was arrested on October 6, 2005.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint and all subparts thereto.

16. In response to the allegations set forth in paragraph "16" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "15" of this answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. In response to the allegations set forth in paragraph "20" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "19" of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "23" of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

33. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

35. Defendants Commissioner Kelly and Police Officer Zarkewicz have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

36. There was probable cause for plaintiffs' arrest, detention and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

37. Plaintiffs caused or provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

38. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

39. Defendant Commissioner Kelly had no personal involvement in any incidents alleged in plaintiffs' Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

40. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

41.　At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

42.　Punitive damages cannot be awarded against the City of New York.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

43.　This action may be barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York, New York City Police Commissioner Raymond Kelly and Police Officer Zarkewicz request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 2, 2008

                                          MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants City of New York,
                                        New York City Police Commissioner
                                        Raymond Kelly and Police Officer
                                        Zarkewicz
                                        100 Church Street, Room 3-311
                                        New York, N.Y. 10007
                                        (212) 788-0899

By:    _____
       Stuart E. Jacobs (SJ 8379)
       Assistant Corporation Counsel

TO:    BY ECF
       Andrew Stoll, Esq.
       Stoll, Glickman & Bellina
       Attorneys for Plaintiffs
       71 Nevins Street
       Brooklyn, New York 11217

08 CV 2514 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEVERLY FREDERICKS, LAVANNA FREDERICKS, AND DELROY MARCUS,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, POLICE OFFICER GALLAWAY, POLICE OFFICER RAMIK, POLICE OFFICER ANDREW ZARKEWICZ, SHIELD #08734,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, New York City Police Commissioner Raymond Kelly and Police Officer Andrew Zarkewicz*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................, 2008*

*................................................................ Esq.*

*Attorney for ................................................................*