UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BEVERLY FREDERICKS, LAVANNA FREDERICKS,
AND DELROY MARCUS,

                        Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, LIEUTENANT KEVIN GALLAGHER, POLICE OFFICER DENIS KOSTA, SHIELD #5788, POLICE OFFICER CHARLENE SMITH, SHIELD #29722, POLICE OFFICER STEPHEN MINUCCI, SHIELD #7979, POLICE OFFICER COLIN WOODE, SHIELD #13547, POLICE OFFICER KATHLEEN GRANT, SHIELD #1992, SERGEANT JOSEPH GIUSTINO, SHIELD #4621, POLICE OFFICER VINCENT DAMIANO, SHIELD #11062, POLICE OFFICER ANDREW ZARKEWICZ, SHIELD #08734,

                        Defendants.

Docket 08-CV-2514 (CM)

**COMPLAINT AND JURY DEMAND**



ECF CASE
RECEIVED
JUN 17 2008
U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------------x

## PRELMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an October 6, 2005 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, inter alia, unlawful entry of their home, false arrest, and excessive force.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Police Commissioner Raymond Kelly ("the Commissioner") is and all times here relevant was the NYPD Commissioner and, as such, is a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. The Commissioner's principal place of business is 1 Police Plaza, New York, NY. The Commissioner is sued in his official capacity.

10. Lieutenant Kevin Gallagher, Police Officer Denis Kosta, shield #5788, Police Officer Charlene Smith, shield #29722, Police Officer Stephen Minucci, shield #7979, Police Officer Colin Woode, shield #13547, Police Officer Kathleen Grant, shield #1992, Sergeant

Joseph Giustino, shield #4621, Police Officer Vincent Damiano, shield #11062, and Police Officer Andrew Zarkewicz, shield #08734 ("the officers") at all times here relevant were members of the New York City Police Department, and are sued in their individual and official capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On October 6, 2005, at approximately 7:30 p.m., plaintiff Delroy Marcus was lawfully in front of 909 St. Johns Place, in Brooklyn, New York, when the officers, without lawful justification, ran to him, held a gun to his head, searched him, and held him against his will. The officers then unlawfully entered plaintiffs Beverly and Lavanna Fredericks' home in Apartment 2R, without permission or authority. Lavanna Fredericks was then arrested when she protested the officers' actions.

13. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

14. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

15. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth Amendments to the United

States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of their New York State constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c. Violation of their rights to Due Process of Law pursuant to Article 1, Section 6 of the New York State Constitution and the Fourteenth Amendment to the United Stated Constitution;

    d. Physical pain and suffering;

    e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and property damage;

    f. Loss of liberty;

    g. Attorney's and court fees.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

16. The preceding paragraphs are here incorporated by reference.

17. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to plaintiff under 42 USC § 1983.

18. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendments to the United States Constitution, in that the seizure of plaintiffs and entry of their home was without a warrant, without any exigent circumstances, without probable cause and with excessive force. Defendants' conduct further deprived plaintiffs of Due Process of Law, pursuant to the 14th Amendment to the United States Constitution, in that plaintiffs were subjected to arrest without due process of law.

4

19. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SIXTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

20. All preceding paragraphs are here incorporated by reference.

21. Defendants, acting under color of law, violated plaintiffs' rights pursuant to Article I, §§ 6 and 12 of the New York State Constitution.

22. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

23. As a result of defendants' tortious conduct, each plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

24. The preceding paragraphs are here incorporated by reference.

25. The City and The Commissioner are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

26. The City and The Commissioner knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

27. The aforesaid event was not an isolated incident. The City, and The Commissioner have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the prerequisites to entering an apartment and the safeguards necessary in lawfully obtaining a warrant and the observations required to support probable cause. The City and the Commissioner fail to discipline officers not reporting fellow officers' misconduct

that they've observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner and Inspector have completely isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have absolutely no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiffs' civil rights, without fear of reprisal.

28. The City and the Commissioner knew or should have known that the officers who caused plaintiffs' injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and the Commissioner failed to take corrective action.

29. The City and the Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

30. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City and The Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

31. Defendants City of New York and The Commissioner have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

32. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts

6

of the City and the Commissioner.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.  In favor of each plaintiff in the amount to be determined by a jury on each of plaintiffs' Causes of Action;

B.  Awarding plaintiffs punitive damages in an amount to be determined by a jury on each of plaintiffs' Causes of Action;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         June 12, 2008

TO:  New York City
     Corporation Counsel Office
     Attn: ACC Stuart Jacobs
     100 Church Street, 4th floor
     New York, NY 10007

     Police Commissioner Raymond Kelly
     1 Police Plaza
     New York, NY

     P. O. Andrew Zarkewicz, Shield #08734
     By counsel ACC Stuart Jacobs
     100 Church Street
     New York, NY 10007

     Lieutenant Kevin Gallagher
     Brooklyn South Narcotics
     745 64th Street
     Brooklyn NY 11220

Yours, etc.,

ANDREW B. STOLL (AS8808)
Attorney for Plaintiffs
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com

Police Officer Denis Kosta, shield #5788
77th Precinct, NYPD
127 Utica Avenue
Brooklyn, NY 11213

Police Officer Charlene Smith, shield #29722,
1 Police Plaza, Rm 1100
New York NY 10038

Police Officer Stephen Minucci, shield #7979,
77th Precinct, NYPD
127 Utica Avenue
Brooklyn, NY 11213

Police Officer Colin Woode, shield #13547,
Aviation
Floyd Bennett Field
Brooklyn, NY 11234

Detective Kathleen Grant, shield #2886,
1 Police Plaza, Rm 1100
New York NY 10038

Sergeant Joseph Giustino, shield #4621,
77th Precinct, NYPD
127 Utica Avenue
Brooklyn, NY 11213

Police Officer Vincent Damiano, shield #11062
77th Precinct, NYPD
127 Utica Avenue
Brooklyn, NY 11213